UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BROOK M. TERNET,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:23-cv-00186-SLC** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| *sued as Frank Bisignano,*[1] *Commissioner of* ) | |
| *Social Security Administration,* ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Plaintiff Brook M. Ternet brought this suit on May 4, 2023, to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). Just two months later, on July 10, 2023, pursuant to an agreed motion to remand by the parties, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Ternet's favor the next day. (ECF 12, 14, 15).

Ternet's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $5,800, less $450 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $5,350 for Counsel's representation of Ternet in federal court. (ECF 19). The Commissioner belatedly filed a response to the motion on June 18, 2025, indicating that he "neither supports nor opposes" Counsel's request for fees. (ECF 21-1).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Ternet is also represented in this action by attorneys Ann Young and Randal Forbes, both of the same law firm as Rodman. (ECF 3-5). The term "Counsel" as used herein shall refer to one or more of these attorneys.

Therefore, the motion is now ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED IN PART.

### A. Factual and Procedural Background

On April 12, 2023, Counsel entered into a fee agreement with Ternet for their representation of Ternet in federal court, in which Ternet agreed to pay them 25 percent of any past-due benefits awarded to her and her family. (ECF 19-1).[3] On May 4, 2023, Ternet, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Ternet's favor on July 11, 2023. (ECF 15).

On August 10, 2023, Counsel filed a request for attorney fees under the EAJA in the amount of $595 for the 1.9 attorney hours and 1.1 paralegal hours that Counsel's firm spent advocating Ternet's claim in federal court. (ECF 16). The parties subsequently stipulated to an EAJA fee of $450, which the Court granted on August 25, 2023. (ECF 17, 18).

On June 21, 2024, the Commissioner sent a notice of award to Ternet, explaining that she was entitled to supplemental security income beginning October 2021. (ECF 19-5 at 1-2). The Commissioner sent another notice of award to Ternet on March 26, 2025, informing her that she was entitled to disability insurance benefits beginning July 2020 and past-due benefits in the amount of $56,924, and that the Commissioner withheld 25 percent of that amount, $14,231, to pay Ternet's attorneys. (ECF 19-4 at 1, 3-4). On May 7, 2025, Counsel filed the instant motion, together with supporting exhibits, seeking the Court's approval of a § 406(b) award of $5,800,

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

less $450 in EAJA fees previously awarded, resulting in a net payment of $5,350 for the 1.9 attorney hours and 1.1 paralegal hours Counsel's firm spent advocating Ternet's appeal in federal court. (ECF 19, 19-1 to 19-5).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id.*; *see also Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See Gisbrecht*, 535 U.S. at 794-95; *see also* 20 C.F.R. §§ 404.1725(a), 416.1525(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
>   Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery

4

and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $5,800 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $14,231 as 25 percent of Ternet's past-due benefits, which totaled $56,924. (ECF 19-4 at 3).[7] As such, the fee amount that Counsel requests, $5,800, does not exceed 25 percent of Ternet's total past-due benefits.

Counsel contends that the requested fee award of $5,800 "is reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (*Id.* ¶ 11). Indeed, the risk of loss the attorney assumes in representing the plaintiff is a factor some courts consider when assessing the reasonableness of the requested fee. *See, e.g.*, *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements."); *see*

---

[7] In the motion, Counsel volunteers that he "is not requesting [the full 25 percent of the past-due benefits] because the case was resolved in the early stage of litigation, leading [Counsel] to request a reduced fee in the amount of $5,800.00." (ECF 19 ¶ 8).

*also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). It is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, it is obvious that Counsel obtained a good result for Ternet, as the Commissioner promptly agreed to remand the case and then found Ternet disabled and awarded her disability benefits. (*See* ECF 12, 19-3 to 19-5); *see also Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Arnold*, 106 F. 4th at 601. Counsel did not seek any extensions of time, and thus, did not materially delay the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is there any indication of record that Ternet was dissatisfied with Counsel's representation. *See Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's representation" as a factor to consider in 406(b) fee cases).

Having said that, Counsel's requested fee of $5,800 divided by the 3 hours his firm spent on the case in federal court equates to an effective rate of about $1,933 per hour, which significantly exceeds the range of those routinely awarded by this Court. *See, e.g.*, *Campbell v. Comm'r of Soc. Sec.*, No. 1:23-cv-11080-SLC, 2024 WL 5135297, at *4 (N.D. Ind. Dec. 17,

2024) (awarding fee equating to $321 per hour (collecting cases)); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour (collecting cases)); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *4 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour); *cf. Housholder v. Comm'r of Soc. Sec.*, No. 1:21-cv-00114-SLC, 2024 WL 178299, at *4 (N.D. Ind. Jan. 17, 2024) (reducing requested fee award equating to $1,347 per hour, by one-third). "The Supreme Court noted that contingent-fee arrangements might be unreasonable if . . . the benefits are large in comparison to the amount of time counsel spent on the case." *Janet H.*, 2020 WL 6946471, at *1 (citation omitted). Yet "courts – including the Seventh Circuit – have looked beyond mere hourly rate . . . when evaluating reasonableness." *Mary F. v. Saul*, No. 19 C 169, 2021 WL 4242359, at *2 (N.D. Ill. May 24, 2021) (citation omitted). Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. "In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.*

The Court acknowledges that Counsel's firm has significant experience in litigating Social Security cases. (ECF 16-4 (summarizing Randal Forbes's professional experience in the area of Social Security law)); *see Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases in his career and achieved a large measure of success for his client). Nevertheless, the Court is not convinced that "[Ternet's] favorable outcome was due to [Counsel's] effective and efficient

representation, rather than due to 'some other source for which it would be unreasonable to compensate the attorney.'" *Janet H.*, 2020 WL 6946471, at *4 (quoting *Gisbrecht*, 535 U.S. at 808); *see generally Jeter*, 622 F.3d at 380-81 ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

Here, the case was remanded just two months after it was filed. (*See* ECF 1, 15). As such, Counsel was not called upon to do any briefing in this case. In fact, the paralegal performed virtually all of the work before the case was remanded. (*See* ECF 16-3).[8] Counsel spent the bulk of his time (1.6 of 1.9 hours) drafting the EAJA fee petition and exhibits. (*Id.*). As such, it is not apparent how Counsel's experience and efficiency "were brought to bear or made any difference" in the agreed remand of this case, as it was the Commissioner who apparently instigated the remand. (*Id.* ("Review Defense Counsel's Email concerning proposed remand"); *see Terese F. v. Saul*, 387 F. Supp. 3d 874, 876 (N.D. Ill. 2019); *id.* at 875 ("[C]ounsel's efficiency never entered into these proceedings. He filed a Complaint and did nothing else. . . . The Commissioner then conducted a thoughtful review and chose to voluntarily remand. Given that reality, it is not at all a question of 'efficiency.'").

Taking the record as a whole, the Court concludes that approving the entire requested fee would represent a windfall to Counsel in light of the modest amount of time and effort he expended in this case. Therefore, the Court will grant Counsel's motion in part but reduce the requested fee of $5,800 by one-third. *See, e.g., Houshoulder*, 2024 WL 178299, at *4.

---

[8] Counsel spent .1 hour on June 23, 2023, to "Review Defense Counsel's Email concerning proposed remand[.]" (ECF 16-3).

8

Accordingly, the Court will authorize a § 406(b) fee award of $3,866.67, less $450 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $3,416.67. *See Terese F.*, 387 F. Supp. 3d at 876 (reducing counsel's requested fee award of $6,678.88 to $3,000 where the Commissioner agreed to remand the case prior to any briefing by counsel); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (reducing counsel's requested fee where counsel "though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of the Plaintiff's benefits was vacated and remanded to the SSA by stipulation of the parties" (citation omitted)); *cf. Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) ("This is not a case, for example, where an incomplete administrative record, as opposed to an examination of the merits of the case, required reversal and remand for a new hearing that ended with a finding of disability.").[9] This adjustment still allows for a fee of more than five times Counsel's stated rate of $244 per hour (*see* ECF 16-4 ¶ 6), which would adequately compensate Counsel for "the time [he] spent on this case and for the risks that he accepted in undertaking the representation of [Ternet] on a contingency basis." *Devenish*, 85 F. Supp. 3d at 639.

### D. Conclusion

For the foregoing reasons, the Court GRANTS IN PART Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 19) and reduces the requested fee amount of $5,800 by one-third to $3,866.67, less $450 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $3,416.67. The Commissioner shall pay Counsel $3,416.67 out of Ternet's withheld past-due benefits in accordance with agency policy and

---

[9] *See O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

release any remaining withheld benefits to Ternet. Counsel is allowed to retain the $450 in EAJA fees previously awarded.

    SO ORDERED.

    Entered this 24th day of June 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge
